IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> IMPACT WRECKING SERVICES, INC <br><br> Defendant. | Case No. 13-cv-6944 <br><br> Judge Kendall |

## **PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity ("Funds"), and James S. Jorgensen, by their attorneys, state:

1. On September 26, 2013, Plaintiffs filed a complaint alleging that Impact Wrecking Services, Inc. ("Defendant" or "Company") violated Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, by failing to comply with the auditors designated by the Funds' to complete a payroll audit and failing to maintain a surety bond as required by the collective bargaining agreement. Plaintiffs' Complaint also alleged the Defendant violated Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the terms of the Funds' Trust Agreements and, as a result,

1

should be held liable for any amounts owed, along with interest and liquidated damages on unpaid contributions, reasonable attorneys' fees and costs, and any other legal and equitable relief as the Court may deem appropriate.

2. On October 15, 2013, Plaintiffs' process server, Larry Bunge, personally served Elda Mendoza, president and registered agent for the Defendant, at 1423 Longford Circle, Elgin, Illinois 60120. A copy of the return of service is attached as Exhibit 1.

3. In an Order entered on February 14, 2014, the Court entered a default against the Defendant. The Court also ordered the Defendant to obtain and maintain a surety bond in the amount of $5,000.00, as required by the collective bargaining agreement, and provide notice to the Funds' counsel within 60-days of the entry of the Order. A copy of the Court Order is attached at Exhibit 2.

4. Following the Court's Order and after numerous requests by Plaintiffs' attorney, the Company, through its President Elda Mendoza, failed to produce the necessary books and records required to complete an audit. As a result, Plaintiffs' counsel sent a subpoena to PNC Bank on May 21, 2014, requesting copies of all cancelled checks, bank statements, and documentation relating to any loans taken out by Defendant.

5. The relevant financial documentation was provided to Richard J. Wolf and Company, Inc., the accounting firm retained by the Funds in this matter to conduct a payroll audit. The results of the audit were provided to the Plaintiffs on July 1, 2014.

6. Plaintiffs' counsel provided the Defendant, and the Company's designated accountant, with a copy of the audit on July 1, 2014 and requested a response indicating any challenges on or before July 15, 2014. Defendant did not respond to the request for challenges.

7. As provided by the Funds' Field Representative, James Fosco, and as shown by the audit report prepared by Richard J. Wolf and Company, Inc. covering the period from June 14, 2012 through February 28, 2014, principal contributions are owed to the Welfare, Pension, Training, CAICA, LECET, LMCC Funds and to the Union for dues in the amount of $6,980.45. Mr. Fosco's affidavit is attached hereto as Exhibit 3, together with a copy of the audit report.

7. Liquidated damages and interest are due as established by paragraphs 4 and 5 of Mr. Fosco's affidavit. Liquidated damages are owed in the amount of $1,311.12 with respect to the Pension, Welfare and Training contributions set forth in Richard J. Wolf and Company, Inc., audit report. Liquidated damages of ten percent are owed with respect to the LDCMC, ISPA, LECET Funds and Union dues in the amount $42.48. Interest is also owed at the rate of twelve percent on delinquent amounts owed from the date of the delinquency through July 1, 2014. In this matter, interest has been calculated by Mr. Fosco in the amount of $1,434.53. (Affidavit of James Fosco Exhibit 3).

8. This Company owes audit fees in the amount of $950.00.

9. Reasonable attorneys' fees and costs are established by the affidavit of Ryan Matthew Thoma, Plaintiffs' counsel, in the amount of $7,976.00 in attorney's fees and $615.00 in costs. A copy of Plaintiffs' counsel's affidavit, accompanied by detailed billing records, is attached as Exhibit 4.

10. Despite this Court's Order dated February 14, 2014 directing the Defendant to obtain a surety bond in the amount of $5,000.00 and provide proof of such to Plaintiffs' counsel within 60-days, the Defendant failed to comply with the Court's directive. In response to Plaintiffs' counsel's repeated requests, the Defendant, through Elda Mendoza, went to the Funds' office on or about May

3

14, 2014 and signed a Contract for Cash Bond. A copy of the agreement is attached as Exhibit 5.

11. Defendant's were obligated to begin making payments on the Contract for Cash Bond on June 1, 2014. To date, Defendant has failed to make any payment on the bond. (Affidavit of James Fasco).

13. As a result of Defendant's failure to obtain and maintain a surety bond under the terms of the collective bargaining agreement, as well ignoring this Court's Order to obtain a bond on the February 14, 2014, Defendants are responsible for paying the Funds an additional $5,000.00 to satisfy the surety bond requirement contained in the collective bargaining agreement and the Court's prior order.

14. Wherefore, Plaintiffs drafted a proposed judgment order for a total judgment against in the amount of $ $24,309.58, consisting of $6,980.45 in principal, $1,353.60 in liquidated damages, $1,434.53 in interest, $950.00 in audit fees, $7,976.00 in attorneys' fees, $615.00 in costs associated with litigation, and $5,000.00 in lieu of Defendant obtaining a surety bond.

Respectfully submitted,

/s/ Ryan M. Thoma
One of Plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

July 24, 2014